UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MICHAEL LYNCH,

                         Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE JASON JONES, SHIELD NO. 6496, DETECTIVE JEREMY DEMARCO, SHIELD NO. 1992, JOHN DOE POLICE OFFICERS ##1-4, JOHN DOE SUPERVISORS OF BROOKLYN NARCOTICS BUREAU DETECTIVES, ##1-2,

                         Defendants.

------------------------------------------------------------ x

CV 13 - 5703

**COMPLAINT AND JURY DEMAND**

DOCKET #

KUNTZ, J.

ECF CASE

GOLD, M.J.

SUMMONS ISSUED

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an October 4, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Michael Lynch is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On October 4, 2012, at approximately 1:30 p.m., plaintiff was inside of 1208 Carroll St., Brooklyn, NY, a two family house. Plaintiff's mother owns the house, and rents it to tenants. Plaintiff takes care of and maintains the property, and is often a visitor there.

12. Plaintiff had visited the premises to do cleaning and maintenance and was also visiting with the tenants, who were acquaintances. Plaintiff was about to leave the premises. He opened the door and saw a man close by running towards him and the door and he shut it quickly. The man was, unknown to plaintiff, a police officer in plain clothes.

13. Defendant police officers then forced their way into the premises without consent. A

defendant police officer pointed a gun at plaintiff when he entered the premises.

14. Plaintiff was arrested and held in custody for 33 hours. He was charged with assaulting a police officer, specifically defendant Detective Demarco. On November 20, 2012, the case against plaintiff was adjourned in contemplation of dismissal.

15. Plaintiff denied and still denies being engaged in any illegal behavior in connection with the arrest.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    d.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    e.    Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Pain and suffering;

g. Trespass and invasion of privacy;

h. Severe emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

i. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to privacy inside a private home, and to be free from false arrest and false imprisonment, and use of excessive force, and due process of law, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

22. The above paragraphs are here incorporated by reference.

23. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

24. There was no reasonable expectation of successfully prosecuting plaintiff.

25. Plaintiff was aware of his confinement and did not consent.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and

4

have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

27. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(ASSAULT)

28. The above paragraphs are here incorporated by reference.

29. By drawing a gun and aiming it at plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching, to wit, being shot.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

31. Plaintiff was emotionally traumatized and otherwise damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

32. The above paragraphs are here incorporated by reference.

33. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

34. Defendants used excessive and unnecessary force with plaintiff.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

36. Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

37. The above paragraphs are here incorporated by reference.

38. The City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

39. The City, and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. The aforesaid event was not an isolated incident. The City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives have been aware for some time (from lawsuits, criminal trials of police officers, and notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City John Doe Supervisors of Brooklyn Narcotics Bureau Detectives are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal.

41. For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

42. In addition, the City knows from the same sources that supervising officers, including but not limited to the John Doe Supervisors of Brooklyn Narcotics Bureau Detectives

have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

43. Furthermore, the City, John Doe Supervisors of Brooklyn Narcotics Bureau Detectives are aware, from the same sources, that police officers routinely engage in the false arrests of citizens. Upon information and belief based on multiple witnesses and plaintiffs in various federal cases, defendant Detective Demarco among others routinely violates citizens' right to privacy by unlawfully entering private homes, falsely arrests and inappropriately and unlawfully draws and points his gun at citizens.[1] Moreover, rather than inquiring into patterns of alleged misconduct in civil rights cases, the City has undertaken a policy to cover up settlement amounts by changing their settlement stipulations to exclude settlement amounts.

44. The City and the John Doe Supervisors of Brooklyn Narcotics Bureau Detectives fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of

---

[1] *See e.g.* Williams v. City of New York, 12-cv-5153 (E.D.N.Y.), Dupigny v. City of New York 12-cv-1367 (E.D.N.Y.), Moreno and Nelson v. City of New York, 12-cv-226 (E.D.N.Y.), Winters v. City of New York, 11-cv-2900 (E.D.N.Y.), Lawrence v. City of New York, 08-cv-3756 (E.D.N.Y.), Riddick v. City of New York 08-cv-1293 (E.D.N.Y.), Hogarth v. City of New York, 05-cv-4850 (E.D.N.Y.).

citizens' constitutional rights. Despite such notice, the City John Doe Supervisors of Brooklyn Narcotics Bureau Detectives have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

45. The City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives failed to take corrective action.

46. The City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

47. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

48. Defendants the City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

49. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and John Doe Supervisors of Brooklyn Narcotics Bureau Detectives.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
    October 8, 2013

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY 10007

  Detective Jeremy Demarco
  Detective Jason Jones

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com